IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DAVID JAMES                           §
    TDCJ-CID NO. 1251548          §
v.                                    §                C.A. NO. C-08-253
                                  §
WARDEN MENDOZA, ET AL.                §

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION AND TO DENY
## <u>PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION</u>

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C.

§ 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat.

1321 (1996), any prisoner action brought under federal law must be dismissed if

the complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant immune from such relief.  <u>See</u>

42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject

to screening regardless whether he prepays the entire filing fee or proceeds as a

pauper.  <u>Ruiz v. United States</u>, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam);

<u>Martin v. Scott</u>, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se*

complaint must be read indulgently, <u>see Haines v. Kerner</u>, 404 U.S. 519, 520

(1972) (per curiam), and his allegations must be accepted as true, unless they are

clearly irrational or wholly incredible.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

Applying these standards, it is respectfully recommended that the Court dismiss with prejudice plaintiff's claims against Candace Moore, Officer Belinda Fernandez, Officer Joe Martinez, and Warden Mendoza alleging denial of access to the courts for failure to state a claim and as frivolous.  The undersigned had intended to recommend that the Court retain plaintiff's claims alleging deliberate indifference to his serious medical needs concerning the denial of dentures against Dr. James Fitts and Dr. Richard Turner.  However, on September 2, 2008, plaintiff filed a motion for preliminary injunction, (D.E. 12), in which he states that he wishes to withdraw his claims against these defendants.  <u>Id.</u> at 3.  Thus, it is respectfully recommended that those claims be dismissed without prejudice upon plaintiff's own motion.  Finally, it is respectfully recommended that plaintiff's request for a preliminary injunction, (D.E. 12), be denied.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a Texas state prisoner who is currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed this lawsuit on July 29, 2008, raising a First Amendment claim of denial of access to the courts against the law librarian, Candace Moore, law library officers Belinda Fernandez and Joe Martinez, and Warden Mendoza, claiming that defendants Ms. Moore, Officer Fernandez, and Officer Martinez routinely failed to provide him with enough supplies so as to effectively deny him access to the courts, and that Warden Mendoza was advised of the problems with the law library, but failed to take action to correct the situation.  (D.E. 1).  A Spears[1] hearing was conducted on August 25, 2008.  At the hearing, plaintiff orally moved to amend his complaint to add Eighth Amendment claims against McConnell Unit physician Dr. James Fitts, and dentist, Dr. Richard Turner.  He was granted leave to do so.

The following allegations were made in plaintiff's original complaint, or at the hearing:

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

3

A.    **Plaintiff's Denial Of Access To Courts Claim.**

Plaintiff is currently involved in two lawsuits.  He had pending in this Court's Houston Division a federal habeas petition challenging his state court conviction for aggravated sexual assault of a child in <u>James v. Quarterman</u>, Civil Action No. 4:07cv3671.  This habeas petition was dismissed on July 8, 2008, and it is now on appeal in the Fifth Circuit.  In addition, he had a personal injury action involving a bus accident that was filed in the 28th Judicial District Court of Harris County, Texas.  That case was dismissed in May 2007 for failure to prosecute. Plaintiff is attempting to get the bus lawsuit reinstated.

According to plaintiff, he was unable to present his habeas corpus claims adequately because Officer Fernandez refused to fill his request for the proper amount of paper, and Ms. Moore refused to give him adequate library time, or to provide notary services.  He notified Warden Mendoza of the numerous problems that he was having with the law library staff, but he took no action to correct the problems.  For example, on June 26, 2008, plaintiff's motion to amend complaint was denied because plaintiff had failed to attach the amended complaint to the motion.  (<u>See</u> C.A. No. 4:07cv3671, D.E. 18).  Plaintiff does not claim that any defendant prevented him from attaching the amendment to the motion.  However, he claims that after he received the order denying the motion to amend, on July 7,

4

2008, he requested 100 sheets of paper from Officer Fernandez so that he could submit a copy of his amended complaint to the habeas court.  She gave him 62 sheets of paper.  On July 8, 2008, plaintiff asked where the rest of his paper was, and Officer Fernandez stated that he had only ordered 75 pages.  She refused to look at the order form which would have confirmed that plaintiff had ordered 100 sheets of paper, and she gave him only 13 more sheets of paper, for a total of 75 pages.  Plaintiff claims this prejudiced him in getting his amended memorandum in timely, thus ultimately resulting in the denial of his habeas petition.

Plaintiff claims that on July 6, 2008, Ms. Moore failed to provide him notary service in his bus accident case.  She told plaintiff that an unsworn declaration would suffice, but opposing counsel told him that the affidavit had to be notarized. As a result, plaintiff had to do "extra work."  He asserts that Ms. Moore violated his right to notary service.  In addition, he claims that Ms. Moore denied his right of access to the courts by denying him visits to the law library on July 13, 17, and 18, 2008.  Finally, she has denied him paper in the past.

Plaintiff claims that Officer Martinez has taken over for Ms. Moore as the notary, but on August 7, and 14, 2008, he too denied him notary services.

Plaintiff claims that he has advised Warden Mendoza of his problems with Ms. Moore, Officer Fernandez, and Officer Martinez, but that he has never given

him a written answer or called him in for an interview.  He claims that the harm he
has suffered concerning the law library continues to get worse, rather than better.

**B.     Plaintiff's Denial Of Medical Care Claim.**

Plaintiff does not have any teeth.  Because he chews only with his gums, he
has numerous digestive and intestinal associated problems, although he has not lost
weight.  Since June 25, 2008, he has requested dentures on four separate occasions.
However, Dr. Fitts has denied the dentures on the grounds that plaintiff is not
losing weight, and he has instructed the dentist to not order dentures for him.
Plaintiff argues that Dr. Fitts' behavior amounts to deliberate indifference.  He is
also suing the dentist, Dr. Turner, claiming that he is denying him proper dental
care.

## III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant 42 U.S.C. § 1983.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a
plaintiff must allege the violation of a right secured by the Constitution and laws of
the United States, and must show that the alleged deprivation was committed by a
person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)
(citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995)
(per curiam).  An action may be dismissed for failure to state a claim when it is

clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.    Analysis Of Plaintiff's Claims.**

       **1.    Denial of access to the courts.**

Prisoners have a constitutionally protected right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)).  The State must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance.  Bounds, 430 U.S. at 824-28.  However, prison officials have considerable discretion in providing legal resources to prisoners.  Lewis, 518 U.S. at 356.  The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id.; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Lewis, 518 U.S. at 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege personal *injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (emphasis in original) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." Id. at 819. In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost an actionable claim, or was prevented from presenting such a claim because of the alleged denial. See Lewis, 518 U.S. at 356; see also Chriceol, 169 F.3d at 317 (addressing the necessity of an "actual injury" in a denial of access to courts action).

In the habeas corpus action, plaintiff was challenging as unconstitutional his sexual assault conviction on numerous grounds including, innocence by reason of insanity, improper exclusion of evidence, denial of fair and impartial jurors,

8

prosecutorial misconduct, and ineffective assistance of trial counsel.  (See C.A. No.

4:07cv3671, D.E. 1).  On January 7, 2008, the respondent moved for summary

judgment, arguing that the state court's adjudication did not violate a federal

constitutional right.  Id. at D.E. 10.  Plaintiff was denied an extension of time to

file a response, id. at D.E. 12, but did file a response on February 7, 2008.  Id. at

D.E. 14.  On June 17, 2008, plaintiff filed a motion to amend his ineffective

assistance of counsel claim *only*.  Id. at D.E. 17.  On June 26, 2008, the federal

habeas court denied plaintiff's motion to amend because plaintiff had failed to

attach a proposed copy of the amended complaint to the motion itself.  Id. at D.E.

18.  Thereafter, on July 10, 2008, the federal habeas court granted respondent's

motion for summary judgment and entered final judgment denying plaintiff's

application for habeas corpus relief.  Id. at D.E. 19, 20.

On July 21, 2008, plaintiff filed a two-page motion for leave to file an

amended memorandum of authorities in support of his *petition* for habeas corpus

relief.  Id. at D.E. 21 at 1-2.  In the motion, plaintiff states that:

> Petitioner thanks this Honorable Court for allowing
> petitioner to amend his petitioner's original
> memorandum of authorities and add constitutional points
> of error that even with due diligence, petitioner did not
> know and could not have known at the time petitioner
> actually filed his initial 2254.

9

Id. at 1.  His attached amended memorandum of authorities is twenty pages.  See id. at 4-24.  The amended memorandum is followed by thirty-eight pages of affidavits and exhibits.  See id. at 25-61.

On July 23, and July 28, 2008, plaintiff filed notices of appeal of the denial of his federal habeas petition.  Id. at D.E. 24, 28.  His motion for leave to amend his memorandum of authorities was denied as moot.  Id. at D.E. 31.  On August 11, 2008, he filed a four-page motion for a certificate of appealability.  Id. at D.E. 32.  On August 27, 2008, the district court denied his request for a certificate of appealability.  Id. at D.E. 34.

Plaintiff testified that the "harm" he allegedly suffered was that he did not get to file his amended complaint timely, and ultimately, that his habeas corpus petition was denied.  However, as is evident from the docket in his habeas case, to suggest that this "harm" was caused by any of the defendants' actions is simply a bald, conclusory allegation that cannot support a denial of access to the courts claim.  First, plaintiff admits that *he* failed to attach a copy of the proposed amended complaint to the motion for leave; he does not suggest that any defendant caused the initial delay.  Second, the motion to amend purports to amend his complaint to modify *only* his ineffective assistance of counsel claim.  (See C.A. No. 4:07cv3671, D.E. 17).  The amended memorandum that he eventually files

10

*after final judgment has been entered,* addresses his entire petition, and he claims

that these are newly discovered claims.  Id. at D.E. 21.  That is, he does not limit

his memorandum to the ineffective assistance of counsel claim as stated; however,

nor does he state that it is being filed after judgment was entered due to any

malfeasance on the part of defendants.  His inconsistent arguments belie his denial

of access to the courts claims herein.  Finally, in reviewing the amended

memorandum, it is a total of 61 pages.  Thus, the 75 sheets given to plaintiff by

Officer Fernandez on July 8, 2008, would have been more than enough.  Indeed,

the original 62 sheets that she gave him on July 7, 2008 would have been

sufficient.

     The Fifth Circuit has determined that "[t]he right of access to the courts

does not guarantee an infinite quantity of supplies on demand."  Umar v. Burkett,

996 F.2d 304, 1993 WL 241481, at *1 (5th Cir. June 15, 1993) (unpublished).

Moreover, plaintiff fails to establish how Officer Fernandez' decision to give him

75 pages of paper rather than 100 prejudiced him in his habeas corpus case.

Indeed, his case was decided on the merits, and not on a procedural ground due to

missing a deadline.  Furthermore, he filed his amended memorandum after final

judgment was entered.  It was within the discretion of the trial court to treat the

amendment as a post-judgment motion for reconsideration, or to otherwise

consider those arguments.  Finally, plaintiff could have offered those arguments in his motion for a certificate of appealability.  Plaintiff fails to establish that the actions of Officer Fernandez prejudiced him in any pending litigation.

Similarly, plaintiff's allegations against Ms. Moore and Officer Martinez are conclusory and fail to establish prejudice.  He claims that they both refused to provide him with notary service causing him to have to do extra work.  The Fifth Circuit has held that, given the statutory authority of unsworn declarations, see 28 U.S.C. § 1746,[2] the unavailability of notary services cannot form the basis of a § 1983 action.  Duncan v. Foti, 828 F.2d 297, 298 (5th Cir. 1987) (per curiam).  Thus, any claim based on the lack of notary services and it causing "extra work" fails to state a constitutional violation.

In addition, inmates do not have a free-standing right to use the law library at will.  Lewis, 518 U.S. at 351-52; see also Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (some restrictions may be placed on an inmate's access to law library).  Plaintiff's allegations that defendants limited his use of the library, without a corresponding showing of prejudice, fails to state a claim of denial of access to the courts.  Moreover, the pleadings filed in this case and in his

---

[2] Texas has also provided statutory authority for unsworn declarations by inmates.  Tex. Civ. Prac. & Rem. Code § 132.001.

habeas corpus action establish the opposite conclusion: plaintiff had access to both legal resources and to necessary supplies to present his claims.  He fails to support his allegations that he was prejudiced in either his habeas corpus action, or his personal injury lawsuit as a result of defendants' actions.

As to Warden Mendoza, plaintiff alleges that he sent I-60 complaints to him about the law library, but that he never responded and never called him in for an interview.  He testified that the harm suffered was that conditions at the law library got worse, and that Warden Mendoza failed to show plaintiff respect.

Plaintiff's allegation fails to allege prejudice in any pending litigation.  Moreover, personal involvement is an essential element in a civil rights action under § 1983.  Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Plaintiff fails to allege any facts to suggest that Warden Mendoza was personally involved in the deprivation of his constitutional rights, or that he suffered prejudice as a result of Warden Mendoza's actions.

Plaintiff fails to demonstrate prejudice in any pending litigation for purposes of sustaining a denial of access to the courts claim.  Accordingly, it is respectfully

recommended that his First Amendment access to the courts claims be dismissed

with prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C.

§§ 1915(e)(2)(B), 1915A(b)(1).

###### 2.     Denial of medical care claim.

As the Supreme Court has explained "[d]eliberate indifference to a

prisoner's serious illness or injury states a cause of action under § 1983."  Estelle

v. Gamble, 429 U.S. 97, 105 (1976); see also Wilson v. Seiter, 501 U.S. 294, 303

(1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam)

(citation omitted).  In order to state a claim of inadequate medical treatment, "a

prisoner must allege acts or omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs."  Estelle, 429 U.S. at 106.  Deliberate

indifference encompasses more than mere negligence on the part of prison

officials.  It requires that prison officials be both aware of specific facts from

which the inference could be drawn that a serious medical need exists and then the

prison official, perceiving the risk, must deliberately fail to act.  Farmer v.

Brennan, 511 U.S. 825, 837 (1994).

Negligent medical care does not constitute a valid § 1983 claim.  Mendoza

v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d

315, 319 (5th Cir. 1993) ("It is firmly established that negligent or erroneous

medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action.").  As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights.  See Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).  Moreover, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered.  See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321.  "Deliberate indifference is an extremely high standard to meet."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

An incorrect diagnosis does not state an Eighth Amendment claim because the deliberate indifference standard has not been met.  Domino, 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). A "plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"  Id. (quoting Johnson, 759 F.2d at 1238).  However, delay in treatment may be actionable under § 1983 if there has been deliberate indifference and the delay results in substantial

harm.  Mendoza, 989 F.2d at 195; see also Stewart, 174 F.3d at 537 (no evidence of substantial delay).

If plaintiff suffers the conditions and injuries he alleges, digestive and intestinal difficulties, then he may have a serious medical need for dentures.  See Huffman v. Linthicum, 265 Fed. Appx. 162, 163 (5th Cir. 2008) (per curiam) (unpublished) (prisoner's request for dentures after removal of remaining teeth by prison dentist not frivolous on its face); Farrow v. West, 320 F.3d 1235, 1244-48 (11th Cir. 2003) (fifteen-month delay in receiving dentures may amount to deliberate indifference); Wynn v. Southward, 251 F.3d 588, 593-94 (7th Cir. 2001) (per curiam) (noting that "[d]ental care is one of the most important medical needs of inmates," and inmate stated a claim who alleged that, without dentures, he could chew his food, causing him to suffer bleeding gums and headaches) (citation omitted).

Plaintiff moves to dismiss his claims against Dr. Fitts and Dr. Turner.  (D.E. 12, at 3).  Thus, it is respectfully recommended that the Court grant plaintiff's motion to dismiss, and dismiss his claims of deliberate indifference without prejudice.

## IV.  PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff seeks a preliminary injunction to prevent defendants Ms. Moore. Officer Fernandez, and Officer Joe Martinez from interfering with his ability to perfect the appeal of his habeas petition to the Fifth Circuit.  (D.E. 12).  He  "feels" they listened to his testimony at the <u>Spears</u> hearing, and he claims they are hindering his ability to properly present his issues to the appellate court due to their "evil motives."  He argues that this is an emergency situation because the deadline for his certificate of appealability is September 12, 2008.  He seeks an injunction preventing defendants from depriving him of law library services, limiting his indigent supplies, or denying him notary services.  <u>Id.</u> at 3.

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest."  <u>Affiliated Prof'l Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted).  Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need

for its issuance.  See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th

Cir. 1997).

Plaintiff's motion fails to warrant such an extraordinary remedy.  He has

been unable to demonstrate for purposes of the First Amendment that he suffered

any "actual injury" as a result of defendants' actions.  He does not claim that he

lost the right to commence, prosecute, or appeal any suit as a result of defendants'

alleged unconstitutional actions, such that he fails to demonstrate prejudice in any

pending litigation.  Chriceol, 169 F.3d at 317 (prisoner cannot prevail on an access

to courts claim without proving an actual injury in non-frivolous litigation as a

result of defendants' alleged unconstitutional conduct).  In addition, "the

Constitution does not require that prisoners ... be able to conduct generalized

research, but only that they be able to present their grievances to the courts...."

Lewis, 518 U.S. at 360.

Here, plaintiff claims that he is afraid defendants will thwart his ability to

meet a September 12, 2008 certificate of appealability deadline.  (D.E. 12, at 3).

However, as is evident by the docket in James v. Quarterman, C.A. No.

4:07cv3671, plaintiff was able to challenge his sexual assault conviction on

numerous grounds and the merits of his arguments were considered and rejected by

the federal habeas court.  The district court rejected his request for a certificate of

appealability, but he was able to timely file his request.  Although he claims he has

a "deadline" to file a certificate of appealability with the Fifth Circuit, in fact, his

notice of appeal acts as a request for a certificate of appealability, and plaintiff

need not take any further action to protect his appellate rights.  See Fed. R. App. P.

22(b)(2).  The fact that plaintiff **wants** to submit additional briefing that is not

required, and as of yet, has not been prohibited by defendants, does not amount to

prejudice for purposes of an access to courts claim.  As it is respectfully

recommended that plaintiff's access to the courts claims be dismissed, his

likelihood of success on the merits does not justify injunctive relief.

Similarly, there is no substantial threat that plaintiff will suffer irreparable

harm if the injunction is not granted.  The Fifth Circuit has the information

necessary to make a determination on the certificate of appealability issue.  In

addition, despite plaintiff's allegations of missed law library visits and denied

supplies, he has successfully litigated this action as well as his habeas petition,

without missing any deadlines.

Plaintiff's allegations of *potential* harm do not amount to constitutional

violations, and in the absence of a constitutional violation, federal courts are

reluctant to interfere in the internal affairs of local jails or state prisons.  See Kahey

v. Jones, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison

administrators concerning day-to-day operations).  Moreover, interference with jail operations would not be in the public's interest as it would be a waste of judicial resources to micro-manage the jail.  Accordingly, it is respectfully recommended that plaintiff is not entitled to a preliminary injunction.

## V.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court dismiss with prejudice plaintiff's denial of access to the courts claim against defendants Candace Moore, Officer Belinda Fernandez, Officer Joe Martinez, and Warden Mendoza for failure to state a claim.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  Moreover, it is respectfully recommended that plaintiff's motion for a preliminary injunction, (D.E. 12), be denied.  Finally, it is respectfully recommended that the Court dismiss without prejudice on plaintiff's own motion his Eighth Amendment claims against Dr. James Fitts and Dr. Richard Turner.

Respectfully submitted this 8th day of September 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).