UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-253 |
| | § | |
| WARDEN MENDOZA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
AND DISMISSING CASE**

Pending are plaintiff's objections (D.E. 18) to the recommendation of the magistrate judge to dismiss plaintiff's action for failure to state a claim of denial of access to the courts, and to deny his request for a preliminary injunction concerning access to the law library. (D.E. 13). Having considering the recommendation, plaintiff's objections, and having made a *de novo* review of the issues raised, the Court adopts the recommendation for the reasons stated herein.

In his objections to the recommendation, plaintiff again alleges that defendants are failing to provide him with sufficient paper or library time to successfully litigate his claims. However, despite this allegation, plaintiff again fails to allege ***any prejudice*** in this or any other pending litigation. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (addressing the necessity of an actual injury).

For example, referencing the instant lawsuit, plaintiff argues that he has "seven defendants to serve" such that he must provide seven handwritten copies of pleadings, thus necessitating his need for more paper than most other inmates. (See D.E. 18 at 2). However,

service has not been ordered in this case, and to date, there has been no need for plaintiff to serve any pleading or paper on any defendant herein.

Similarly, as noted in the recommendation, plaintiff is unable to establish prejudice in any other pending litigation.  At the August 25, 2008 evidentiary hearing, plaintiff identified two lawsuits in which he was involved:  a federal habeas corpus proceeding, which is on appeal, and a *closed* personal injury case that he is attempting to reopen.  The habeas appeal does not involve seven defendants.  (See C.A. No. 4:07cv3671, James v. Quarterman).  Indeed, it involves only plaintiff, as the petitioner, and the respondent.

Moreover, the dismissed personal injury action that plaintiff is attempting to reopen cannot serve as a basis for his denial of access to the courts claim.  The right of access to the court is a limited right and encompasses only a reasonable opportunity to file "nonfrivolous legal claims challenging convictions or conditions of confinement."  Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).  Plaintiff's personal injury claim, involving a bus accident, does not concern his conviction or conditions of confinement. Thus, to the extent plaintiff argues that he does not have enough paper for his personal injury action, it cannot form the basis of his access to the courts claim because: (1) he has failed to allege prejudice in that action; (2) the case is closed; and (3) the case itself does not challenge his conviction or conditions of confinement, and as such cannot form the basis of an access to court claim.

In his objection, plaintiff claims that defendants are "discriminating" against him by denying him paper and library time, yet again, he fails to allege, let alone establish, any correlating prejudice in any non-frivolous litigation.  He claims that the magistrate judge failed to provide him with a  copy of the Spears hearing transcript.  However, plaintiff was present at

the hearing and can recall the events of the hearing should he need to do so. He fails to explain any prejudice caused by not having a transcript.

Because plaintiff fails to state a claim for denial of access to the courts, he cannot demonstrate a likelihood of success on the merits to support a claim for injunctive relief against law library personnel. See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam). Indeed, in reviewing his complaint, it appears that he regularly receives adequate paper and access to the library. He has suffered no prejudice.

At the evidentiary hearing, plaintiff orally moved to dismiss his Eighth Amendment claims against Dr. James Fitts and Dr. Richard Turner, and the magistrate judge recommended that plaintiff's motion be granted, and those claims dismissed without prejudice. (D.E. 13 at 14-16, 20). In his objections, plaintiff now states that he has "reconsidered his suit" and he would like to proceed with those claims. (D.E. 18 at 14).

Plaintiff's medical claims arose in June 2008. There is no limitations problem. Thus, it is recommended that plaintiff's claims against the doctors be dismissed without prejudice upon his motion.

Accordingly, the Court overrules plaintiff's objections (D.E. 18), and adopts the Memorandum and Recommendation (D.E. 13) of the magistrate judge.

Plaintiff's claims alleging denial of access to the courts against defendants Ms. Candace Moore, Officer B. Fernandez, and Warden Mendoza are dismissed with prejudice for failure to state a claim. See 28 U.S.C. § § 1915(e)(2)(B), 1915A(b)(1). Plaintiff's motion for a preliminary injunction (D.E. 12) is denied. Plaintiff's oral motion to dismiss his Eighth

Amendment claims against Dr. James Fitts and Dr. Richard Turner is granted, and those claims are dismissed without prejudice.

SIGNED and ORDERED this 10th day of November, 2008.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge